IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY ANGELO DEGENES,** | ) CIVIL ACTION NO. 20-971 |
| Plaintiff, | ) |
| v. | ) |
| **FEDERAL BUREAU OF INVESTIGATION,** and **DAVID M. HARDY,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The complaint in this case (ECF No. 1) was filed on June 29, 2020, by pro se plaintiff Anthony Angelo DeGenes ("DeGenes").[1] DeGenes paid the $400 filing fee. Now pending before the court are: (1) a motion for service of the complaint by the United States Marshal (ECF No. 2); and (2) a motion to inform the defendants they have 90 days to answer the complaint (ECF No. 3). In his complaint, Degenes requests appointment of counsel. The motions may be resolved without the necessity of a response from the named defendants, the Federal Bureau of Investigation ("FBI") and David M. Hardy ("Hardy"), an FBI agent and section chief of the Record/Information Dissemination Section ("RIDS").

*Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993); Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[1] It appears that DeGenes mis-typed his name as "Degens" in the caption of the complaint and the clerk's office adopted that spelling when it filed the complaint.

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the court "may" order, in its discretion, that service be made by a United States Marshal.  Under that rule, the court "must" order service by the United States Marshal if the plaintiff is authorized to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.

As explained in *Tejada v. DelBalso*, No. 3:18-CV-01096, 2018 WL 6268202, (M.D. Pa. Nov. 30, 2018):

> At one time, all process in federal civil litigation was served by the United States Marshals Service. *FROF, Inc. v. Harris*, 695 F. Supp. 827, 828–29 (E.D. Pa. 1988). In its current incarnation, however, Rule 4 has been amended to generally allow service of a summons and complaint by "[a]ny person who is at least 18 years old and not a party" to the litigation. *See* Fed. R. Civ. P. 4(c)(2); FROF, 695 F. Supp. at 829. The purpose of this change was "to reduce the burden on the United States Marshal[s] Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." *See* Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure, 96 F.R.D. 81, 127 (1983) (advisory committee note to proposed Rule 4(c)). Thus, it is now the *plaintiff* who "is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and [who] must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

*Id.* at *1 (emphasis in original).

DeGenes did not provide any reason why the court should order service to be made by the United States Marshal, such as his inability to comply with the methods of service outlined in Federal Rule of Civil Procedure 4(i) (service on the United States).  There is nothing in the record to suggest that DeGenes made any good faith effort to effectuate service of process.  *Id.* at *2 (denying motion for service by United States Marshal).

DeGenes did not apply to proceed IFP.  If DeGenese seeks to proceed under IFP status, he must file a properly completed application to proceed in forma pauperis. A link to an online form for an application to proceed in forma pauperis can be found here: https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or-0.  If DeGenes is authorized to proceed in forma pauperis,

-
-
-

the court will be required to order service by the United States Marshal, but it will also conduct the screening process required by 28 U.S.C. § 1915(e).  *See Martinez v. Eagle Disposal*, 783 F. App'x 206 (3d Cir. 2019).

Conclusion

In accordance with the foregoing, the motion for service of the complaint by the United States Marshal (ECF No. 2); motion to inform the defendants they have 90 days to answer the complaint (ECF No. 3); and request for appointment of counsel are DENIED WITHOUT PREJUDICE.  On or before August 7, 2020, plaintiff shall file either a motion stating the reasons why the court should order service by the United States Marshal or an application to proceed in forma pauperis.

An appropriate Order will be entered.


Dated:  July 15, 2020                                      BY THE COURT,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge