IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY ANGELO DEGENES,** )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>**FEDERAL BUREAU OF** )<br>**INVESTIGATION,** )<br>**and DAVID M. HARDY,** )<br>)<br>Defendants. ) | CIVIL ACTION NO. 20-971 |

## **MEMORANDUM OPINION**

The complaint in this case (ECF No. 1) was filed on June 29, 2020, by pro se plaintiff Anthony Angelo DeGenes ("DeGenes") against the Federal Bureau of Investigation ("FBI") and David M. Hardy ("Hardy"), an FBI agent and section chief of the Record/Information Dissemination Section ("RIDS") (collectively, "defendants"). Now pending before the court are three motions filed by DeGenes (ECF Nos. 12, 13, 14). The motions may be resolved without the necessity of a response from defendants.

Procedural Background

On July 15, 2020, the court entered an opinion and order which, in relevant part, denied without prejudice Degenes' requests for: (1) service of his complaint by the United States marshal; and (2) appointment of counsel by the court (ECF No. 5). The court instructed DeGenes to file either a motion stating the reasons why the court should order service by the United States Marshal or an application to proceed in forma pauperis ("IFP"). *Id.* DeGenes did neither. Instead, he filed a separate motion for appointment of counsel (ECF No. 8).[1] The court denied this motion by text order dated August 3, 2020, stating:

---

[1] DeGenes also filed a nonresponsive "Answer to Judge Conti's order of 7-15-20." (ECF No. 15).

"Plaintiff did not file an application for IFP status as instructed in the court's order of 7/15/20 and states in the motion that he is able to pay counsel." (ECF No. 10).

The pending motions at ECF Nos. 12 and 13 are substantially identical. Both motions seek reconsideration of the court's denial of his motion to appoint counsel. The motion at ECF No. 14 was filed by DeGenes "to make sure all of my Court information has access to the Court's Electronic Filing System."

<u>Legal Analysis</u>

Pro se plaintiffs are held to a less stringent standard than individuals represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). A pro se plaintiff, however, is still required to adhere to standard rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A. Motions for reconsideration

A motion for reconsideration should be granted only where the moving party establishes one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Telfair v. Lynch*, No. CV 16-5085 (SDW), 2016 WL 7015628, at *4 (D.N.J. Dec. 1, 2016) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

DeGenes did not point to any valid grounds for reconsideration. Instead, DeGenes misunderstands and mischaracterizes the court's decision. In his motions for reconsideration, DeGenes argues that the court is denying him counsel. He explains that he does not qualify for IFP status and that he can afford to pay an attorney.

The court did <u>not</u> deny DeGenes his right to obtain an attorney. The court merely denied DeGenes' motion to have the court select and appoint an atttorney on his behalf

under the IFP statute.  Indeed, the court encourages DeGenes to engage the attorney of his choice to represent him in this case.

A civil litigant does not have a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  The court cannot compel an attorney to represent DeGenes or negotiate an attorney-client engagement on DeGenes' behalf.  Instead, the court would have to inquire whether an attorney was willing to represent him pro bono.  The court of appeals has recognized that pro bono attorney time is a "precious commodity," and district courts should exercise care in appointing counsel. *Id.* at 499.  Before appointing pro bono counsel, the court must screen the case for arguable merit and consider the "*Tabron* factors."  *Id.* (citing *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993).

One of the *Tabron* factors is "whether the plaintiff can attain and afford counsel on his own behalf."  *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56)).  DeGenes has confirmed that he is able to afford to pay for an attorney.[2] Appointment of counsel by the court is, therefore, not proper.  As the court explained in *L.A. v. Hoffman*, 144 F. Supp. 3d 649, 679 (D.N.J. 2015), "if counsel is easily attainable and affordable by the litigant, but the plaintiff simply has made no effort to retain an attorney, then the court should not appoint pro bono counsel."  In fact, the court is arguably not permitted to appoint counsel for DeGenes.  The IFP statute "only allows the court to appoint pro bono counsel to represent litigants who are 'unable to afford counsel.'"  *Id.* (quoting 28 U.S.C. § 1915(e)(1)).

---

[2] In addition, a party who successfully vindicates a right enforceable under § 1983 may seek an award of counsel fees. *North Carolina Dept. of Trans. v. Crest Street Comm. Council, Inc.*, 479 U.S. 6, 12 (1986).

DeGenes did not show that he attempted to obtain his own attorney or qualifies for appointment of counsel by the court. The motions for reconsideration (ECF Nos. 12 and 13) will be DENIED.

B. Motion for access to the CM/ECF system

The motion at ECF No. 14 was filed by DeGenes "to make sure all of my Court information has access to the Court's Electronic Filing System." The court made inquiry with the clerk's office and was informed that DeGenes is now able to use the electronic filing ("CM/ECF") system and will be able to file and access documents in his case. The court's website provides instructional materials for use of the CM/ECF system. *See* https://www.pawd.uscourts.gov/case-info/cm-ecf-case-info. Because DeGenes now has access to the CM/ECF system, the motion at ECF No. 14 will be denied as moot.

Conclusion

In accordance with the foregoing, the motions for reconsideration (ECF Nos. 12 and 13) will be DENIED; and the motion for access to the Court's Electronic Filing System (ECF No. 14) will be DENIED AS MOOT.

An appropriate Order will be entered.

Dated:  August 21, 2020                                    BY THE COURT,

                                                           /s/ JOY FLOWERS CONTI
                                                           Joy Flowers Conti
                                                           Senior United States District Court Judge